**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**DAVID SANCHEZ,**

     **Plaintiff,**

**v.**                                                                              **Case No.: 26-CV-60802**

**EQUIFAX    INFORMATION**
**SERVICES, LLC, EXPERIAN**
**INFORMATION SOLUTIONS,**
**INC.,  and  TRANS  UNION,**
**LLC,**

     **Defendants.**

_____/

## JOINT SCHEDULING REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1(b)(2) of the Local Rules of the United States District Court for the Southern District of Florida, Plaintiff David Sanchez (hereinafter "Plaintiff") and Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, (hereinafter "Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby file this Joint Scheduling Report and state as follows:

1.     **Local Rule 16.1(a) - Case Management Track:**

    The Parties believe the cases should be assigned to the Standard Track pursuant to Local Rule 16.1(a)(2)(B).

2.     **Local Rule 16.1(b)(2)(A) - Likelihood of settlement:**

    The  Parties agree to maintain a dialogue regarding settlement and will pursue settlement options in good faith.

3. **Local Rule 16.1(b)(2)(B) - Likelihood of appearance in the action of additional parties:**

The Parties do not anticipate the appearance of additional parties at this time. The Parties reserve the right to oppose and/or object to any such potential intervention.

4. **Local Rule 16.1(b)(2)(C) - Proposed limits on time: (i) to Join Other Parties and to Amend the Pleadings; (ii) to File and Hear Motions; and (iii) to Complete Discovery:**

The Parties have appended hereto the *Schedule Jointly Proposed by the Parties,* establishing the proposed timeframes contemplated for the identified issues.

5. **Local Rule 16.1(b)(2)(D) - Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment:**

The Parties anticipate filing respective motions for partial/final summary judgment, and anticipate that, depending upon the court's rulings on same, other filings may be required in the future. The Parties have appended hereto the *Schedule Jointly Proposed the Parties,* establishing the proposed timeframes contemplated for the identified issues.

6. **Local Rule 16.1(b)(2)(E) – The Necessity or Desirability of Amendments to the Pleadings:**

The Parties agree to the deadline in the *Schedule Jointly Proposed by the Parties,* establishing the proposed timeframes contemplated for the identified issues.

7. **Local Rule 16.1(b)(2)(F) – The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence:**

The Parties will attempt in good faith to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents while reserving arguments as to interpretation of such documents, as well as on a stipulated ESI protocol.

The Parties do not anticipate the need for advance rulings from the Court on admissibility of evidence.

8.   **Local Rule 16.1(b)(2)(G) – Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:**

The Parties do not have any specific proposals at this time but are prepared to work in good faith in discovery and at trial to minimize the burdens on the Parties and the Court and to avoid unnecessary proof and cumulative evidence, including through the filing of appropriate stipulations and/or motions in limine.

9.   **Local Rule 16.1(b)(2)(H) – Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master:**

The Parties do not consent to this case being referred to a Magistrate Judge or Master.

10.   **Local Rule 16.1(b)(2)(I) – A Preliminary Estimate of the Time Required for Trial:**

The Parties anticipate that this case will require 3-5 days for trial.

11.   **Local Rule 16.1(b)(2)(J) – Requested Date for Conferences Before Trial, a Final Pretrial Conference, and Trial:**

The Parties have appended hereto the *Schedule Jointly Proposed by the Parties,* establishing the proposed timeframes contemplated for the identified issues.

12.   **Local Rule 16.1(b)(2)(K) – Any Issue About: (i) Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced; (ii) Claims of Privilege or of Protection as Trial-Preparation Material, Including – if the Parties Agree on a Procedure to Assert Those Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order under Federal Rule of Evidence 502; and (iii) When the Parties Have Agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov) matters enumerated on the ESI Checklist:**

The Parties recognize their respective obligations to preserve evidence related to the claims or defenses in this matter, including ESI, and have taken reasonable steps to preserve any such information consistent with the law. The Parties will comply with the requirements of

Local Rule 26.1(e)(2)(B) – (C) with respect to any claims of privilege. The Parties may request this Court enter a protective order governing the confidentiality of information exchanged during discovery and will endeavor to agree upon the terms of same prior to submission for this Court's consideration.

13.     **Local Rule 16.1(b)(2)(L) – Other Information that Might be Helpful to the Court in Setting the case for Status or Pretrial Conference:**

The Parties are not currently aware of any other information at this time that might be helpful to the Court in setting the case for status or pretrial conference.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed on behalf of Plaintiff using the Court's electronic filing system, on all counsel of record on this 29th day of May, 2026.

| | |
|---|---|
| */s/ Bryen N. Hill* | */s/ Charlotte Long* |
| **Nickolas C. Ekonomides, Esq.** | **Charlotte Long, Esq.** |
| Florida Bar No.: 997821 | Florida Bar No.: 0112517 |
| **Bryen N. Hill, Of Counsel** | Trans Union, LLC |
| Florida Bar No.: 0095993 | 555 W. Adams Street |
| NICKOLAS C. EKONOMIDES, P.A. | Chicago, IL 60661 |
| 325 N. Belcher Road, Suite 1D | (469) 578-1464 - Telephone |
| Clearwater, Florida 33765 | Email: charlotte.long@transunion.com |
| (727) 447-1075 - Telephone | *Attorney for Defendant Trans Union, LLC* |
| Email: service@eko-law.com | |
| *Attorneys for Plaintiff David Sanchez* | |
| | |
| */s/ Paige Vacante* | */s/ Grant E. Schnell* |
| **Paige Vacante** | **Grant Edward Lavelle Schnell, Esq.** |
| Florida Bar No.: 1019135 | Florida Bar No.: 108109 |
| SEYFARTH SHAW LLP | GOODWIN PROCTER LLP |
| 233 South Wacker Drive | 1900 N Street, NW |
| Suite 8000 | Washington, DC 20036 |
| Chicago, Illinois 60606-6448 | (202) 346-4000 - Telephone |
| (312) 460-5000 - Telephone | Email: gschnell@goodwinlaw.com |
| (312) 460-7000 - Facsimile | *Attorney for Defendant Experian Information Solutions, Inc.* |
| Email: pvacante@seyfarth.com | |
| *Attorney for Defendant Equifax Information Services, LLC* | |

4

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**DAVID SANCHEZ,**

      **Plaintiff,**

**v.**                                    **Case No.: 26-CV-60802**

**EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., and TRANS UNION,
LLC,**

      **Defendants.**

_____/

## SCHEDULE JOINTLY PROPOSED BY THE PARTIES

| | |
|---|---|
| June 10, 2026 | The Parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26. The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| July 22, 2026 | The Parties shall file motions to amend pleadings or join Parties. Any party who wishes to add parties in response to the amended pleadings shall have 20 additional days to file a motion. |
| November 5, 2026 | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| December 17, 2026 | The Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| January 17, 2027 | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| January 24, 2027 | The Parties shall complete all discovery, including expert discovery. |
| February 01, 2027 | The Parties shall complete final mediation and file a mediation report with the Court. |

| | |
|---|---|
| February 15, 2027 | The Parties shall file all dispositive pretrial motions and memoranda of law. The Parties shall also file any motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579 (1993), or any other basis. |
| March 15, 2027 | The Parties shall each file on motion in limine. All motions in limine must be filed at least six (6) weeks before calendar call. |
| April 14, 2027 | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials). |
| May 24, 2027 | The Trial is estimated to 3-5 days. |